IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOMALTUS LLC, | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| HONEYWELL INTERNATIONAL, INC. | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## COMPLAINT

Plaintiff Somaltus LLC ("Plaintiff" or "Somaltus") files this Complaint against Honeywell International, Inc. ("Defendant" or "Honeywell") for infringement of United States Patent No. 7,657,386 (hereinafter "the '386 Patent").

## PARTIES AND JURISDICTION

1.  This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.  Plaintiff is a Texas limited liability company with its principal office located at 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034.

4.  On information and belief, Defendant is a Delaware corporation having a principal place of business at 115 Tabor Road, Morris Plains, NJ 07950. Defendant's registered agent for service of process is Corporation Service Company, 211 E. 7th Street,

Suite 620, Austin, Texas 78701.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.  Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,657,386)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '386 patent with sole rights to enforce the '386 patent and sue infringers.

10. A copy of the '386 Patent, titled "Integrated Battery Service System," is attached hereto as Exhibit A.

11. The '386 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 8, of the '386 patent by making, using, importing,

selling, and/or offering for sale charging adapters covered by one or more claims of the '386 Patent.

13. Defendant sells, offers to sell, and/or uses charging adapters including, without limitation, without limitation, the Honeywell 2.1 Amp Dual USB AC Charging Adapater – UC150NUS, the Honeywell 2.1 Amp Single USB AC Charging Adapater – UC120RUS, and the Honeywell Ovale 4.2 Amp Smart Charging Station – OVG718 (the "Product"), for example, and any similar devices, which infringe at least Claim 8 of the '386 Patent.

14. On information and belief, the Product controls charge signals when it charges batteries. For example, at Defendants' affiliate website (provided by eAccess Solutions, Inc.) at: http://www.honeywellconsumerstore.com/categories/usb-chargers.htm
product literature is provided describing certain details regarding the Product. The product literature indicates that "Honeywell USB chargers, USB Charging adapters and USB charging stations use Smart Charge technology that automatically shuts off power to connected devices when their batteries are fully charged." This and other features dictate that charge signals are controlled by the Product.

15. The functionality of the Product includes detecting a current battery output level of the battery. For example, to shut off power when a device's battery is fully charged, the Product detects the current battery output level. The Product literature describes "a design that utilizes Smart Charge Technology. When your device is fully charged, it will immediately turn off. In turn, this prevents battery damage and wasted power." In order to provide this and other features, the Product must detect the current battery output level.

16. Similarly, the Product also accesses a target charge level. For example, to shut off the power, the Product must access a target charge level, such as a "full" level.

17. The Product compares the current battery output level and the target charge level. For example, in order to shut of the power at the "fully charged" level, the Product must compare the current battery output level (e.g., during charging) to the respective target level (e.g., "full").

18. The Product alters a charge signal by adjusting an on/off period of an AC power source to a transformer coupled to the battery. For example, on information and belief, the Product is, or includes, an AC power source to a transformer. The Product is coupled to a battery for charging. The Product "alters the charge signal by adjusting an on/off period" by, for example, automatically turning off the power when a certain battery output level (e.g., "full") is reached. This is described, for example, in the product literature for the Product in connection with Defendant's Smart Charge Technology.

20. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

21. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice

of the order from further infringement of United States Patent No. 7,657,386 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: January 12, 2017                              Respectfully submitted,


                                                    */s/Jay Johnson*  
                                                    **JAY JOHNSON**  
State Bar No. 24067322  
**D. BRADLEY KIZZIA**  
State Bar No. 11547550  
**KIZZIA JOHNSON, PLLC**  
1910 Pacific Ave., Suite 13000  
Dallas, Texas 75201  
(214) 451-0164  
Fax: (214) 451-0165  
jay@kjpllc.com  
bkizzia@kjpllc.com  

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A